Cochran v. Cummings.

---

## Cochran *et al.* v. Cummings.

### *Rescission of fraudulent contract.*

Where a vendor of goods has been fraudulently induced to accept in payment, a conveyance of a worthless tract of land, he may repudiate the payment, and recover the price of the goods.

Case, for goods sold and delivered.  There was a special defence, that the defendant had sold and conveyed to the plaintiffs, a quantity of land in the county of Northumberland, in satisfaction of their demand; and the deed of conveyance, dated in June 1799, was produced.  But the plaintiffs insisted : 1st. That they took the conveyance only as a collateral security : and 2d. That they were imposed upon by the defendant, as to the quality of the land.

On the first point, the evidence was contradictory; and The Court left it, implicitly, to be decided by the jury.

On the second point, it was proved, that the defendant had represented the land as very valuable ; saying, that it was such as would sell, in two or three years, for a price, from two to six dollars an acre : but in fact, the land was a part of a mountain, commonly called " Jack's Second Mountain ; " so rude, that it could not be cultivated ; and so steep, that it was inaccessible, even to take off the wood, without incalculable expense and labor.  In the charge of the court, on this point, it was said—

By Shippen, Chief Justice.—Wherever there is a gross misrepresentation of facts, relating to the subject of a contract, the contract is fraudulent and void:  If, therefore, the jury shall be of opinion, that such a misrepresentation was made, in the present instance, they should consider the conveyance as no payment, although the plaintiffs agreed, under the deception, to accept it in satisfaction; and the verdict must be for damages to the whole amount of the demand.

Verdict, accordingly, for the plaintiffs' whole demand.

*Ingersoll* and *Heatly*, for the plaintiffs.  *M. Levy* and *Porter*, for the defendant.